UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDWOOD INVESTMENTS, LLC, a California limited liability company,<br><br>                                    Plaintiff,<br><br>v.<br><br>CHRISTOPHER CARNES, an individual; WILLIAM S. MERRITT, an individual; and DOES 1–50,<br><br>                                    Defendants. | Case No.:  19-CV-1285 JLS (JLB)<br><br>**ORDER: (1) REMANDING ACTION TO THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; (2) DENYING AS MOOT ALL PENDING MOTIONS; AND (3) DENYING PLAINTIFF'S REQUEST FOR FEES**<br><br>(ECF No. 1) |

Presently before the Court is Defendant William Merritt's Notice of Removal – Federal Question ("Not. of Removal," ECF No. 1), as well as Mr. Merrit's Motions for Leave to Proceed *in Forma Pauperis* (ECF No. 3) and to Consolidate (ECF No. 5) and Plaintiff Redwood Investments, LLC's Motion to Remand and Request for Order Granting Attorneys' Fees in the Amount of $2,562.00 (ECF No. 7).

On July 11, 2019, Mr. Merritt removed this action from the Superior Court for the State of California, County of San Diego on the grounds that it present a federal question because "[t]he filing of the action . . . is . . . in furtherance of [a] civil fraud scheme and pattern of RICO conduct." *Id.* ¶ 10.  The action was then transferred from the docket of

United States District Judge Dana M. Sabraw to this Court as related to *Merritt v. Redwood Investments, LLC*, No. 18-cv-1793 JLS (JLB) (S.D. Cal. filed Aug. 3, 2018). *See* ECF No. 6.

Although Plaintiff has filed a motion for remand noticed for hearing on September 19, 2019, "[t]he court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079, at \*2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Similarly, Article

III of the U.S. Constitution grants federal courts the power to hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States." *Id.* Although the "arising under" language of § 1331 mirrors the language used in Article III, courts have construed § 1331 more narrowly. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The Supreme Court has interpreted "arising under" in Article III to grant federal courts jurisdiction when federal law "forms an ingredient of the original cause." *Osborn v. Bank of the U.S.*, 22 U.S. 738, 822–25 (1824). For purposes of Section 1331, however, federal courts must apply the "well-pleaded complaint rule." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A cause of action arises under federal law for purposes of § 1331, and is therefore a basis for removal, "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Id.* (quoting *Mottley*, 211 U.S. at 152).

Here, there is no federal question presented in Plaintiff's underlying Complaint. Plaintiff's Complaint alleges a single cause of action for breach of contract. *See generally* Compl. (ECF No. 1 Ex. 1) at 2. Nonetheless, Mr. Merritt appears to claim that "there is a federal question in which a statute of the United States . . . is drawn in controversy in [Defendant]'s defense." *See* Not. of Removal ¶ 16. Even if a claim under 18 U.S.C. § 1343 could serve as a defense to Plaintiff's allegations, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original).

Accordingly, the Court finds that Plaintiff's Complaint does not state a federal question. When it appears that, prior to final judgment, this Court lacks subject-matter jurisdiction, the proper remedy is to remand the case. *See* 28 U.S.C. §1447(c). The Court therefore **REMANDS** this action to Superior Court for the State of California, County of San Diego and **DENIES AS MOOT** Mr. Merritt's pending Motions for Leave to Proceed *in Forma Pauperis* (ECF No. 3) and to Consolidate (ECF No. 5) and Plaintiff's pending Motion to Remand (ECF No. 7).

/ / /

Plaintiff requests that the Court award it $2,561.00 in attorneys' fees that it has and will incur in connection with its Motion to Remand.  *See id.* at 8.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although there was no legitimate basis for Mr. Merritt's removal here, the Court **DENIES** Plaintiff's request for fees in light of his pro se status.  *See, e.g.*, *Quentmeyer v. Davis*, No. 219CV00609JAMCKDPS, 2019 WL 3027006, at *3 (E.D. Cal. July 11, 2019) (finding that "an award of fees is not warranted" where "Defendant removed the complaints without the benefit of counsel and the court cannot conclude that the contours of federal subject matter jurisdiction were obvious to this pro se defendant") (citing *Baldini Real Estate, Inc. v. Cruz*, No. 15-CV-2932 YGR, 2015 WL 4760510, at *3 (N.D. Cal. Aug. 12, 2015); *Wilmington Tr., N.A. v. Mobley*, No. CV15-2910 CAS AJWX, 2015 WL 3649578, at *3 (C.D. Cal. June 10, 2015); *Colline v. Alexander*, No. 2:14-CV-1245-TLN-KJN, 2014 WL 2527213, at *4 (E.D. Cal. June 2, 2014)).

**IT IS SO ORDERED.**

Dated:  August 6, 2019

Hon. Janis L. Sammartino
United States District Judge